# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2013

No. 12-50517

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROGER WAYNE ROULAND, also known as Roger Rouland,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and HIGGINBOTHAM and JONES, Circuit Judges.

CARL E. STEWART, Chief Judge:

Defendant-Appellant Roger Wayne Rouland ("Rouland") appeals his 30-month, within-Guidelines sentence and several conditions of his supervised release. For the following reasons, we AFFIRM.

**I.**

On January 19, 2012, Rouland pleaded guilty to possessing and attempting to possess child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A), after an investigation revealed images of child pornography stored on Rouland's computer media devices. Prior to sentencing, a probation officer prepared a presentence investigation report

No. 12-50517

(PSR), which calculated a total offense level of 19, and a criminal history category of I, and recommended a Sentencing Guidelines range of 30 to 37 months' imprisonment. Rouland did not object to the PSR but subsequently filed a 169-page sentencing memorandum with the district court, contending that a probationary sentence was appropriate given his advance educational and professional achievements, religious faith, familial ties, and history of back pain and surgeries.

At the sentencing hearing on May 16, 2012, the Government sought to introduce Government Exhibit 1 ("the Exhibit"), which was a memorandum from the probation officer to the Assistant United States Attorney recommending nine special conditions to be imposed during Rouland's supervised release. At this point, the district court asked Rouland's counsel whether he had any objections to the Exhibit, to which he responded, "No objections." The district court admitted the Exhibit and sentenced Rouland to 30 months of imprisonment, to be followed by a five-year term of supervised release, and imposed a fine of $1,000 and a $100 special assessment. The court did not explain its sentence or orally pronounced any conditions of Rouland's supervised release.

On May 22, 2012, the court issued a written judgment, which included special, mandatory, and standard conditions of Rouland's supervised release.[1] Of relevance to this appeal, the district court imposed the following conditions that were listed in the Exhibit and designated as special conditions:

> The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision. This includes not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer.

---

[1] Although the written judgment contains other special and standard conditions of Rouland's supervised release, the conditions discussed in this opinion are the only conditions Rouland challenges on appeal.

2

No. 12-50517

The defendant shall not associate with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer. The probation officer will notify the designated adult of risks occasioned by the defendant's criminal record or personal history or characteristics. The defendant shall permit the probation officer to make such notifications.

The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

The defendant shall not reside within 1,000 feet of the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, university or playground or a housing authority owned by a public housing authority or within 100 feet of a public or private youth center, public swimming pool or video arcade facility, without prior approval of the probation officer.

The defendant shall refrain from purchasing, possessing, or using any sexually stimulating or sexually oriented materials including but not limited to written, audio and visual depictions, such as, pornographic books, magazines, photographs, films, videos, DVDs, computer programs, or any other media for portrayal of the same.

Furthermore, the written judgment included standard conditions of supervised release that were *not* contained in the Exhibit but were imposed pursuant to a standing order of the Western District of Texas for defendants on supervised release. These conditions are as follows:

The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all

3

No. 12-50517

intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

The defendant shall participate in workforce development programs and services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

This appeal followed.[2]

---

[2] We granted Rouland's motion for partial dismissal of his appeal on the issue of whether the factual basis was sufficient to support his guilty plea. *See United States v. Rouland*, No. 12-50517 (5th Cir. filed May 9, 2013) (order granting partial dismissal of appeal as to the first issue).

No. 12-50517

## II.

### A.

Rouland makes three arguments on appeal. Rouland first contends that the district court procedurally erred in imposing his sentence because it failed to adequately respond to his request for a non-Guidelines sentence. Rouland next claims that the special conditions of his supervised release must be deleted, as the written judgment conflicts with the oral pronouncement. Finally, Rouland contends that his imposed standard conditions of mental-health, substance-abuse, and cognitive-behavior treatment, and participation in a workforce development program are special conditions, which required an oral pronouncement, and that the district court did not "ha[ve] a reason to believe" that such conditions were warranted.[3] For the reasons explained more fully below, Rouland's arguments are without merit.

### B.

In challenging the reasonableness of his 30-month within-Guidelines sentence, Rouland contends that the district court's failure to respond to his argument in support of a probationary sentence amounted to procedural error because the court was required to explain the reasons supporting the sentence under *Gall v. United States*, 552 U.S. 38, 51 (2007).

We review the district court's sentencing for reasonableness under a bifurcated process. *United States v. Teuschler*, 689 F.3d 397,398–99 (5th Cir. 2012) (citations omitted). First, the appellate court must ensure that the district court did not commit any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

---

[3] Rouland only contests the participation in a workforce development program condition on the ground that this condition was not pronounced at sentencing.

No. 12-50517

chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, this court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

The sentencing court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50 (citation omitted). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted). A sentence within the Guidelines range will require "little explanation," *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), but where a party "presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments," *Rita*, 551 U.S. at 357.

Although Rouland requested a probationary sentence, Rouland did not lodge any objections after he was sentenced. Because Rouland failed to apprise the district court of the alleged error he complains of on appeal, our review is for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) ("A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for [this court's] review." (citation and internal quotation marks omitted)).

To succeed on plain error review, Rouland must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted). If he makes that showing, this court may exercise its discretion "to remedy the error . . . only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, alteration, and citation omitted).

6

No. 12-50517

In *Mondragon-Santiago*, we considered whether a district court committed procedural error by failing to adequately explain a within-Guidelines sentence even though the defendant "raised arguments before the district court concerning his family, his work history, and his prior convictions." 564 F.3d at 363. In applying plain-error review, we first noted that the district court's failure to adequately explain its sentence constituted error but ultimately concluded that such error did not impair Mondragon-Sanitago's substantial rights, as the district court imposed a within-Guidelines sentence. *Id.* at 364–65 (citing *United States v. Izaguirre-Losoya*, 219 F.3d 437, 441–42 (5th Cir. 2000)). Accordingly, we held that Mondragon-Santiago failed to demonstrate reversible plain error, as he failed to show how an explanation by the district court would have changed his sentence. *Id.* at 365.

In the instant case, the district court's failure to provide any explanation of reasons supporting Rouland's sentence amounts to clear error. *See id.* at 364. We note, however, that this error does not constitute reversible plain error because Rouland was sentenced to a within-Guidelines sentence of 30 months and Rouland has failed to demonstrate how a fuller explanation would have altered his sentence. *See id.* at 365. We thus reject this contention, as Rouland's substantial rights were not affected.

C.

Rouland next asserts that the district court abused its discretion by imposing special conditions in the written judgment that were not pronounced at sentencing and that these conditions must be deleted from the written judgment, as they conflict with the oral pronouncement.

Contrary to Rouland's argument, the Government contends that our review should be for plain error. The Government notes that the rationale supporting abuse of discretion in cases involving a conflict between the written judgment and an oral pronouncement is based on the defendant's lack of an

opportunity to object to the later-imposed special conditions. Therefore, in recognition of the defendant's constitutional right to be present at sentencing, special conditions later appearing in the written judgment must be deleted because the oral pronouncement controls. The Government, argues, however that the facts in this case are distinguishable because Rouland stated "[n]o objections" to the admission of the Exhibit, which included the special conditions he now challenges. As a result, the Government urges us to uphold the challenged special conditions because Rouland had notice and an opportunity to contest these conditions at the sentencing hearing. We agree with the Government.

We have consistently noted that where there is a conflict between the written judgment and oral pronouncement, our review of special conditions is for abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006) (citations omitted). Notably, as argued by the Government, the premise supporting such review is that the defendant could not raise this issue in the district court because the defendant "had no opportunity at sentencing to consider, comment on, or object to the special conditions later included in the written judgment." *Id.* Importantly, "a defendant has a constitutional right to be present at sentencing." *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (citation omitted). "Th[is] constitutional right . . . is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, but . . . is [also] protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him." *Bigelow*, 462 F.3d at 381 (alterations in original) (quoting *United States v. Gagnon*, 470 U.S. 522, 526 (1985)). "Therefore, if the written judgment conflicts with the sentence pronounced at sentencing, that pronouncement controls." *Id.* (emphasis removed).

No. 12-50517

Although there is a conflict between the oral sentence and the written judgment in this case, we are persuaded by the Government's argument that the present matter is factually distinguishable from previous cases requiring us to conform the written judgment to the oral pronouncement. The sentencing colloquy unequivocally demonstrates that Rouland's counsel had an opportunity *in open court to object* to the admission of the Exhibit, which included the special conditions. The colloquy specifically proceeded as follows:

> [Government]: Your Honor, we just have Government's Exhibit No. 1 which we would offer now as part of [the] record, the personal conditions in this case.
>
> The Court: I assume there are no objections?
>
> [Defense Counsel]: No objections.
>
> The Court: That would be admitted (Exhibit admitted: G1.)
>
> The Court: Do you know of any legal reason why sentence should not be imposed . . . ?
>
> [Defense Counsel]: No, Your Honor.
>
> The Court: The Court will impose a period of incarceration of 30 months to be followed by five years of supervised release, a fine of $1,000, and there is $100 mandatory assessment under the Victims of Crime Act.

Our review, therefore, is for plain error, as the rationale underpinning abuse of discretion review is not implicated in the case *sub judice*. *See, e.g., Bigelow*, 462 F.3d at 381 (citations omitted). Moreover, a result inconsistent with our conclusion would necessarily excuse Rouland's duty to object in the district court, and would permit him a second opportunity to raise this alleged error that could have been presented to the district court. *See United States v.*

*Broussard,* 669 F.3d 537, 553 (5th Cir. 2012) ("[W]e review an error [not] argued in the district court . . . for plain error.").

Assessing Rouland's claim under plain error review, we conclude that his argument is unavailing. Assuming *arguendo* that Rouland can demonstrate that the district court committed an "error" that was "plain," Rouland has failed to make a showing under the substantial rights prong, as his counsel conceded this point at oral argument. Because Rouland cannot demonstrate that any error affected his substantial rights, we reject his challenge to the district court's imposition of the special conditions.

## D.

With respect to his final argument, Rouland challenges standard conditions of his supervised release relating to mental-health, substance-abuse, and cognitive-behavioral treatment, and participation in a workforce development program. As previously noted, Rouland argues, with the exception of the workforce development program condition, that these conditions are special under U.S.S.G. §§ 5D1.3(d)(4), (5) and only become standard if the district court "has reason to believe" that such conditions are warranted. Rouland further contends that these conditions were improperly imposed because the PSR indicated he was not suffering from mental-health issues or substance-abuse problems. The Government counters this assertion by claiming that the district court "had a reason to believe" that such conditions were warranted because Rouland had previously had "above range" opiate blood levels, was a long-term user of Oxycontin and other narcotics, and was prescribed antidepressants.

As a preliminary matter, our review of the challenged standard conditions is for abuse of discretion because—unlike the special conditions discussed *supra* in Part II.C—Rouland did not have an opportunity to object to these conditions

at the sentencing hearing. *See United States v. Warden*, 291 F.3d 363, 364–65 n.1 (5th Cir. 2002).

"[E]xplicit reference to each and every standard condition of supervision is not essential to the defendant's right to be present at sentencing." *United States v. Torres-Aguilar*, 352 F.3d 934, 936 (5th Cir. 2003) (internal quotation marks and citation omitted). Therefore, the district court's omission of such a condition from the oral pronouncement at sentencing does not create a conflict, as the written judgment clarifies that the standard conditions apply to the defendant's supervised release term. *Id.* (citation omitted). However, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." *Id.* (quoting *Vega*, 332 F.3d at 852–53). Despite this distinction, special conditions may be tantamount to standard conditions under the appropriate circumstances, thereby precluding the need for an oral pronouncement. *Id.* at 937 (citing *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002) ("The fact that the condition . . . is labeled 'special' by the Guidelines is irrevelant.")).

In *Torres-Aguilar*, we considered whether there was a conflict between the written judgment and the oral pronouncement regarding a condition that was only included in the written judgment and was listed as special under U.S.S.G. § 5D1.3(d)(1). *Id.* at 935–38. The special condition at issue in *Torres-Aguilar* prohibited the defendant from possessing "any other dangerous weapon" during supervised release if the defendant was convicted of a felony. *Id.* at 936. Although we acknowledged that the condition was listed as "special" under the Guidelines, we concluded that the condition was in fact "standard." *Id.* at 938. We reasoned that it was undisputed that the defendant had pled guilty to a felony offense, and "[i]n these circumstances, the 'special' condition recommended in § 5D1.3(d)(1) is as standard as those conditions in § 5D1.3(c),

which the Sentencing Guidelines specifically refer to as the 'standard' conditions of supervised release." *Id.* at 937 (citation omitted). Accordingly, we held,

> [B]ecause the Sentencing Guidelines recommend that all defendants who have been convicted of a felony be prohibited from possessing any "dangerous weapon" during the term of supervised release, we find that this condition of Torres-Aguilar's sentence was standard and did not conflict with the district court's oral pronouncement of sentence.

*Id.* at 938.

As further support, our decision was "reinforced" by our observation in *Vega* that "the Mandatory and Standard Conditions of Supervision set forth in [the] judgment form . . . [were] formally adopted as the standard conditions of supervised release in the Southern District of Texas." *Id.* at 938 n.3 (quoting 332 F.3d at 853) (internal quotation marks omitted). It therefore was "[i]mportant[]" that the district court "used [the] form [judgment] in the instant case, and the prohibition against Torres-Aguilar's possession of a 'dangerous weapon' is one of the conditions appearing on the form." *Id.*

In *Bigelow*, we considered a similar issue as presented in *Torres-Aguilar* with respect to special conditions of mental-health and substance-abuse treatment under U.S.S.G. §§ 5D1.3(d)(4), (5). 462 F.3d at 380–83. During sentencing, the district court failed to impose mental-health and substance-abuse treatment conditions after Bigelow and his counsel informed the district court that Bigelow had a prior history of abusing drugs and a "long history of psychological problems," but that he did not presently suffer from such problems. *Id.* at 382 (internal quotation marks omitted). These conditions were later imposed in the written judgment. *Id.* at 380.

The Government in *Bigelow* cited *Torres-Aguilar* for the proposition that "where clearly warranted, a § 5D1.3(d) 'special condition' is as standard as those in § 5D1.3(c) (standard conditions of supervised release)." *Id.* at 381. In

rejecting this argument and remanding the matter for deletion of these special conditions, we distinguished *Torres-Aguilar* by stating,

> In *Torres-Aguilar*, however, the basis for imposing a prohibition against possessing a dangerous weapon was undisputed and based on objective facts easily determined from the record—whether defendant had previously been convicted of a felony.  Here, the facts supporting imposition of the drug-treatment and mental-health programs are much more subjective (i.e, "[i]f the court has reason to believe that [Bigelow] is an abuser of narcotics" or "is in need of psychological or psychiatric treatment").  U.S.S.G. §§ 5D1.3(d)(4), (5).

*Id.* at 382 (internal citation omitted).

"Thus, unlike in *Torres-Aguilar*, factors supporting imposition of the special conditions for drug-treatment and mental-health programs were *not* so clear as to transform these special, into standard, conditions."  *Id.*  We further distinguished *Bigelow* from *Torres-Aguilar* by noting that the Southern District of Texas's form judgment listed the condition at issue in *Torres-Aguilar* as either mandatory or standard, whereas the form judgment designated mental-health and substance-abuse treatment under the heading of "SPECIAL CONDITIONS OF SUPERVISION" in *Bigelow*.  *Id.*  Finally, we noted that our prior decision in *United States v. Martinez*, which held that "district court's failure to mention mandatory drug treatment in its oral pronouncement *constitutes a conflict, not an* ambiguity" was binding.  *Id.* at 383 (quoting *Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)).

Here, there is evidence in the record supporting the district court's imposition of mental-health and substance-abuse treatment as conditions of Rouland's supervised release.  Rouland received treatment at a mental-health facility, and was also prescribed antidepressants for the treatment of depression and anxiety.  The PSR also notes that a sex-offender evaluation should be

conducted due to Rouland's charged offense.  With respect to the substance-abuse treatment condition, the record shows that a physician warned Rouland that he was receiving "a lot of controlled substances from doctors" and Rouland's opiate blood level was "above range."

We conclude that this case is factually distinguishable from *Bigelow*. Notably, unlike in *Bigelow*, the conditions imposed by the district court here are designated as "standard" in the Western District of Texas's judgment form.  It therefore was "important[]" that the district court "used [the] form [judgment] in the instant case," and that these conditions were listed under the heading of "Standard Conditions."  *See Torres-Aguilar*, 352 F.3d at 938 n.3.  Accordingly, we conclude that the district court did not abuse its discretion by not orally pronouncing the challenged standard conditions, where the subject conditions are categorized as "standard" in the judgment form and there was record evidence supporting these conditions.

## III.

For the foregoing reasons, we AFFIRM the district court.