# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50004

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

BRIAN TODD HUDSON,

> Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-192

Before KING, SMITH, and ELROD, Circuit Judges.

PER CURIAM:*

Brian Todd Hudson pleaded guilty to possession of child pornography, and he now appeals his sentence. Because the district court's written judgment included special conditions of supervised release that the district court did not orally pronounce at sentencing, we vacate in part Hudson's sentence and remand this case with instructions that the district court conform the written judgment to its oral pronouncement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50004

**I.**

Without a plea agreement, Hudson pleaded guilty to possession of child pornography. The revised presentence investigation report (PSR) recommended, among other things, the imposition of numerous special conditions of supervised release. In his written objections to the PSR, Hudson did not object to the recommended special conditions. At Hudson's sentencing hearing, the district court confirmed that Hudson had reviewed the PSR with his counsel, and the court adopted the PSR's recommended Guidelines calculations after counsel stated that there were no issues or inaccuracies other than those identified in Hudson's written objections. The district court then imposed a sentence of 108 months of imprisonment, to be followed by a five-year term of supervised release. The district court also imposed $5,000 in restitution, a $1,000 fine, and a $100 mandatory assessment.

At no time during the hearing and oral pronouncement of sentence did the district court mention the PSR's recommended special conditions of supervised release, much less explain why such special conditions would be appropriate. Indeed, the district court did not orally pronounce any conditions of supervised release. The written judgment that the district court entered after the sentencing hearing, however, contained a number of mandatory, standard, and special conditions.

Hudson timely noticed this appeal, and his counsel filed an *Anders* brief. We then directed counsel to address the unpronounced special conditions. Hudson's counsel responded with a brief seeking vacatur of the special conditions on the ground that the district court did not include them in its oral pronouncement.

**II.**

The focal point of the parties' dispute is the standard of review. Normally, when a written judgment contains special conditions of supervised

2

release that the district court did not orally pronounce, we review for abuse of discretion, and the oral pronouncement controls over any conflicting special conditions included in the written judgment.[1] *See United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012); *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *United States v. Torres–Aguilar*, 352 F.3d 934, 936 (5th Cir. 2003); *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003). Our oral-pronouncement rule originates from the defendant's constitutional right to be present at sentencing. *See Bigelow*, 462 F.3d at 380–81; *Torres–Aguilar*, 352 F.3d at 935; *Vega*, 332 F.3d at 852. In the event of a conflict, we will vacate the unpronounced special conditions and remand the case with instructions that the district court conform the written judgment to the oral pronouncement. *See Mudd*, 685 F.3d at 480; *Bigelow*, 462 F.3d at 384.

The government, however, hangs its hat on a narrow exception that we announced in *United States v. Rouland*, 726 F.3d 728 (5th Cir. 2013), and it urges plain-error review. At the sentencing in *Rouland*, the government sought to introduce as an exhibit a memorandum from the probation officer to the prosecutor that recommended nine special conditions of supervised release. 726 F.3d at 730. The government specifically referred to the exhibit as "the personal conditions in this case." *Id.* at 734. The district court asked Rouland's counsel whether he had any objection to the exhibit; counsel responded, "No objections." *Id.* at 730. The district court then admitted the exhibit and orally

---

[1] We have held that a conflict does not arise when the written judgment contains mandatory or standard conditions that the district court failed to orally pronounce. *United States v. Torres–Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003). This is because "it is implicit in the very nature of supervised release that certain conditions are necessary to effectuate its purpose," a district court's explicit reference to such conditions "is not essential to the defendant's right to be present at sentencing," and the written judgment's inclusion of mandatory or standard conditions merely "clarifies the meaning of [the] sentence." *Id.* at 936, 938 (internal quotation marks and alterations omitted). A conflict occurs only when the written judgment contains *special* conditions that the district court did not pronounce at sentencing. *Id.* at 936.

No. 14-50004

pronounced Rouland's sentence. *Id.* This pronouncement did not include any special conditions; however, the district court listed special conditions in the written judgment. *Id.*

Although Rouland argued that we should review the discrepancy for abuse of discretion and vacate the written judgment's unpronounced special conditions, the government urged plain-error review. *Id.* at 733. The government "note[d] that the rationale supporting abuse of discretion in cases involving a conflict between the written judgment and an oral pronouncement is based on the defendant's lack of an opportunity to object to the later-imposed special conditions." *Id.* We agreed, reasoning that "[t]he sentencing colloquy unequivocally demonstrates that Rouland's counsel had an opportunity *in open court to object* to the admission of the Exhibit, which included the special conditions." *Id.* at 734. Applying plain-error review, we concluded that Rouland had failed to demonstrate that the error affected his substantial rights, and we affirmed the district court's written judgment. *Id.*

Hudson's case is readily distinguishable from *Rouland*. While the district court in *Rouland* asked whether the defendant objected to a memorandum the exclusive function of which was to recommend special conditions, and which the government had introduced as "the personal conditions in this case," and while the district court in *Rouland* then admitted that memorandum as an exhibit, Hudson was never asked any targeted questions about supervised-release conditions. Instead, the district court merely asked Hudson general and routine questions about the PSR, only a small portion of which was devoted to recommending supervised-release conditions. The entire discussion of the PSR was as follows:

THE COURT: Mr. Hudson, you appeared before the Court on October the 24th of this year and entered a guilty plea and are

No. 14-50004

here this afternoon for sentencing. Have you had an opportunity to review the presentence report in your case?

THE DEFENDANT: Yes, sir.

THE COURT: Have you read it or had it read to you and discussed it with [your counsel]?

THE DEFENDANT: Yes, sir.

THE COURT: Did you find anything in that report that you'd like to call to my attention as being inaccurate or incorrect?

[DEFENDANT'S COUNSEL]: The only things we originally saw have already been addressed so there's no further issues.

THE COURT: And no legal matters need to be ruled on . . . ?

[DEFENDANT'S COUNSEL]: No, Your Honor.

THE COURT: The Court will then adopt the recommendation of the probation office that the offense level in this case is 30. The criminal history is two. That results in a recommended range of 108 to 135 months.

Thereafter, Hudson allocuted, and the district court considered victim-impact statements and ordered restitution to the victims. Then, the district court pronounced Hudson's sentence, making no mention of the special conditions that it later included in the written judgment. As the transcript of the sentencing hearing demonstrates, here, unlike in *Rouland*, the district court never gave the defendant a meaningful opportunity to object to the special conditions that it would later impose; it simply asked a few perfunctory questions about the PSR—questions that likely would be asked at any sentencing hearing.

The government asks us to extend *Rouland* to the facts of this case, but doing so would almost entirely displace our oral-pronouncement rule, at least

in cases where the PSR recommends special conditions and the district court asks even a perfunctory question about whether the defendant wishes to comment on the PSR. As we have noted, "a defendant has a constitutional right to be present at sentencing," *Vega*, 332 F.3d at 852, a right that stems from both the Confrontation Clause and the Due Process Clause, *see Bigelow*, 462 F.3d at 381. "This constitutional right is the foundation of the rule that if there is a conflict between the oral pronouncement and written judgment, the oral pronouncement controls." *Vega*, 332 F.3d at 852–53.

While the defendant in *Rouland* could be deemed to have been "present" at the time that the district court imposed his special conditions because he had a clear opportunity to object to them in open court during sentencing, the same cannot be said of Hudson. The district court's routine questions about the PSR in this case did not afford Hudson a meaningful opportunity to object, in open court, to the special conditions that the district court later imposed in its written judgment. Because Hudson never had a meaningful opportunity to object to the unpronounced special conditions during the sentencing hearing, we will vacate those conditions and remand the case for the district court to conform the written judgment to the oral pronouncement. *See Mudd*, 685 F.3d at 480; *Bigelow*, 462 F.3d at 384.

## III.

In light of the foregoing discussion, we VACATE IN PART Hudson's sentence and REMAND this case to the district court with instructions to conform the written judgment to the oral pronouncement of sentence, consistent with this opinion.