# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 16-40508
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MICHAEL WARREN COX, JR.,

Defendant–Appellant.

———

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-45-1

———

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Cox, Jr., pleaded guilty of possession of a firearm after having

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40508

been convicted of a felony and was sentenced to 87 months in prison and three years of supervised release ("SR").  On appeal, Cox contends that we must vacate four special conditions of SR because there is a conflict between the oral pronouncement of sentence and the written judgment.  He further avers that the special condition of SR requiring him to obtain a general educational development ("GED") certificate is substantively unreasonable.

Cox contends that there is a conflict between the oral and written judgments because the district court referred to a list of special conditions of SR contained in the presentence report ("PSR") instead of pronouncing each special condition in its oral judgment.  The record indicates that the PSR that was provided to the parties included the recommendation of mandatory and special conditions of SR.  Because Cox was aware of the recommended special conditions and had a meaningful opportunity to object to them at the hearing, but failed to do so, the plain-error standard of review applies.  *See United States v. Rouland*, 726 F.3d 728, 733–34 (5th Cir. 2013).

There is no conflict between the oral and written judgments, because the court referred to the special conditions recommended in the PSR, and the written judgment imposed those conditions.  Because Cox was aware of them and had an opportunity to object, he has not shown that his substantial rights were affected by the failure to pronounce the conditions orally.  *See id.* at 730, 734.

Because Cox did not object in the district court to the special condition requiring him to obtain a GED, review is limited to plain error.  *See United State v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013).  The record reveals that the special condition is reasonably related to Cox's need for educational and vocational training.  *See* 18 U.S.C. § 3553(a)(2)(D).  Because there is a reasonable relationship between the condition and the goals of 18 U.S.C. § 3553(a), *see United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015); *United States v.*

No. 16-40508

*Salazar*, 743 F.3d 445, 451 (5th Cir. 2014), Cox has not demonstrated reversible error, plain or otherwise, in imposition of the GED requirement, *see Ellis*, 720 F.3d at 225.

AFFIRMED.