# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41213
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BAJUNE MOSEBY, also known as Junebug,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-127-13

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bajune Moseby appeals the imposition of special conditions of supervised release included in the amended judgment on remand on his jury trial conviction for conspiracy to possess with intent to distribute marijuana. *See* 21 U.S.C. §§ 841(a)(1), 846; *see also United States v. Romans*, 823 F.3d 299, 317-19 (5th Cir.), *cert. denied,* 137 S. Ct. 395 (2016).  Finding no plain error, we affirm.  *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009); *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41213

*States v. Rouland,* 726 F.3d 728, 734 (5th Cir. 2013). We pretermit the question whether the mandate rule bars Moseby's claim. *See United States v. Teel,* 691 F.3d 578, 583 (5th Cir. 2012); *United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008).

"[A] defendant has a constitutional right to be present at sentencing." *United States v. Vega,* 332 F.3d 849, 852 (5th Cir. 2003). Consequently, if the oral pronouncement and the written judgment are in conflict, the oral pronouncement controls. *United States v. Martinez,* 250 F.3d 941, 942 (5th Cir. 2001). No conflict arises if the written judgment includes mandatory or standard conditions not orally pronounced. *United States v. Torres-Aguilar,* 352 F.3d 934, 938 (5th Cir. 2003).

Ordinarily, if the defendant challenges a written judgment as containing a special condition not spoken at sentencing, we review the inclusion of the special condition for abuse of discretion. *United States v. Bigelow,* 462 F.3d 378, 381 (5th Cir. 2006). Review is for plain error, however, whenever "the defendant has the opportunity to seek vindication of [his] rights in district court" but fails to avail himself of it. *Puckett v. United States,* 556 U.S. 129, 136 (2009).

On remand, the probation office revised Moseby's presentence report and issued a fourth addendum to it that recommended imposing specified mandatory and special conditions in addition to standard conditions. The defense was advised of the special conditions before sentencing, and at sentencing defense counsel represented that Moseby had no comments, additions, or corrections to make regarding the revised presentence report. When pronouncing sentence, the district court re-directed Moseby's attention to those special conditions by ordering him to comply with them. Consequently, the claim Moseby advances in this appeal "could have been

2

presented to the district court." *Rouland,* 726 F.3d at 734; *see Puckett*, 556 U.S. at 136.

The plain error standard requires that, in addition to showing that a forfeited error was clear or obvious, i.e., not "subject to reasonable dispute," Moseby demonstrate that the error affects his substantial rights. *Puckett*, 556 U.S. at 135. Even if we assume that a clear or obvious error exists, Moseby fails plain error review because he is unable to demonstrate that his substantial rights were affected, given that his counsel conceded at sentencing that Moseby did not object to the revised presentence report containing the special conditions. *See id.; Rouland,* 726 F.3d at 734.

Moseby's motion for leave to file a supplemental brief pro se is DENIED. *See United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999). Moseby's motion for extension of time to file a supplemental brief pro is DENIED as well.

AFFIRMED.