# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 18-40624
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JHOANNA RAMOS, also known as JoJo,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CR-121-3

_____

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following her guilty plea conviction for conspiracy to possess with the intent to distribute methamphetamine, Jhoanna Ramos was sentenced to 135 months of imprisonment, followed by a five-year term of supervised release. At sentencing, the district court advised that she would be required to comply with the mandatory and special conditions of supervised release set forth in the PSR. Its written judgment specified, under the heading of "special

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions of supervised release," that Ramos would be required to provide the probation officer with any requested financial information for purposes of monitoring her efforts to maintain lawful employment and that she must participate in, and pay for, a program of testing and treatment for drug abuse.

Ramos now argues that the district court abused its discretion in imposing, as part of its written judgment, the two special conditions which had been listed in the PSR but were not orally pronounced at sentencing. The Government's assertion that review is limited to plain error is incorrect. *See United States v. Rivas-Estrada,* 906 F.3d 346, 348-50 (5th Cir. 2018) (reviewing for abuse of discretion under identical facts and finding cases applying plain error review where defendants were afforded a "unique opportunity to object," including *United States v. Rouland*, 726 F.3d 728, 734 (5th Cir. 2013), to be distinguishable).

A defendant "has a constitutional right to be present at sentencing." *United States v. Bigelow*, 462 F.3d 378, 380-81 (5th Cir. 2006) (internal quotation marks and citation omitted). If there is a conflict between the sentence imposed in court and the written judgment, the oral pronouncement controls. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). There is no conflict between the written judgment and oral pronouncement if the judgment includes supervised release conditions that are mandatory, standard, or recommended by the Sentencing Guidelines, even if the conditions were not orally pronounced at sentencing. *United States v. Torres-Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003). However, when the written judgment contains a special condition of supervised release that was not in the oral pronouncement of sentence, a conflict exists, the oral pronouncement controls, and the written judgment should be reformed by deleting the special condition. *See id.* at 936.

No. 18-40624

Here, the district court abused its discretion in imposing the unpronounced financial-information provision when such condition was not recommended under the Guidelines, is not a mandatory condition adopted by the Eastern District of Texas, and is not the equivalent of any standard condition. *See Rivas-Estrada,* 906 F.3d at 348, 350-51; *Torres-Aguilar,* 352 F.3d at 938; *see also* U.S.S.G. § 5D1.3(d)(3). The district court similarly abused its discretion when it imposed the mandatory-drug-treatment provision without specifically announcing it at sentencing.[1] *See Rivas-Estrada,* 906 F.3d at 348-51. Although the record indicates that Ramos had a history of drug abuse and thus that treatment could be recommended under § 5D1.3(d)(4), the written judgment form adopted by the district court, form AO 245B, specifically lists the drug-treatment condition as a "special" rather than "standard" condition and thus creates a conflict between the written judgment and oral pronouncement of sentence. *See id*; *Rouland,* 726 F.3d at 736-37; *Bigelow,* 462 F.3d at 381-82; *see also Martinez,* 250 F.3d at 942.

Accordingly, the district court's judgment is VACATED IN PART AND REMANDED for the district court to amend its written judgment to conform to its oral sentence by removing the two unpronounced special conditions of supervised release.

---

[1] The Government's assertion that this court should not review Ramos's challenge to the imposition of the drug-treatment condition because she invited or waived the error by requesting drug treatment during incarceration is not well-taken. Ramos's request to participate in an approved drug-treatment program while in custody did not waive her right to object to the imposition of a special condition of supervised release, included in the judgment but not announced at sentencing, requiring her to participate in, and pay for, substance abuse treatment while on supervision following her release from custody, nor did such request invite any error related thereto. *See United States v. Salazar,* 751 F.3d 326, 332 (5th Cir. 2014); *see also United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002).