# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41109

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

FRANCISCO A. GUERRERO,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-628-1

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:*

Francisco Guerrero appeals two special conditions of supervised release in his written judgment, arguing they conflict with the sentence orally pronounced by the district court. We remand to the district court for the limited purpose of excising those two conditions from Guerrero's sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41109

I.

Guerrero pleaded guilty to possessing methamphetamine with intent to distribute, and to conspiracy to do the same, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). Based on his presentence report ("PSR"), he faced a guidelines range of 235–293 months in prison followed by five years supervised release. At Guerrero's sentencing hearing, the district court discussed various special conditions, including educational (GED) requirements, vocational training, substance abuse treatment, and mental health treatment.

> With respect to those conditions, the court initially told Guerrero:

> I am going to order that you get *your GED, because you're going to have time to do that*, and I am going to order *substance abuse, treatment testing, abstinence while you're in custody*. I'm going to order the intensive drug treatment program. It's a five-hundred hour program that I think you would greatly benefit from. *But then when you get out, we're going to continue with the treatment testing and abstinence condition.* And so, it's going to be a life-long battle for you.

(Emphases added). Despite the higher guidelines range, the court sentenced Guerrero to the mandatory minimum of 120 months in prison followed by five years supervised release. The court then returned to the special conditions:

> I've already talked about the special condition of the *drug treatment testing and [abstinence] while you're in custody and when you get out*. I'm imposing *a GED requirement and/or vocational training*. You know, I'll leave that up to you. I think you should probably do both. *Use the time to get as many certificates as you can, so that when you get out you can do something different.*

(Emphases added).

While the court did not orally specify that the educational and vocational training requirements would apply to supervised release, Guerrero's PSR did list those requirements (along with substance abuse and mental health treatment) as "Conditions of Supervision." The court's subsequently-issued

2

No. 17-41109

written judgment listed all four as special conditions of supervision: (1) substance abuse treatment; (2) mental health treatment; (3) educational training; and (4) vocational training.

Guerrero appealed, arguing that the third and fourth special conditions (educational and vocational training) should apply only to confinement and not to supervised release. Specifically, he argues that—with respect to those two special conditions—the district court's oral pronouncement conflicts with its written judgment, and "when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (per curiam) (quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)).

II.

A.

Following our recent decision in *United States v. Rivas-Estrada*, 906 F.3d 346 (5th Cir. 2018), we review the challenged special conditions for abuse of discretion. *Rivas-Estrada* teaches that, unless the district court "orally enumerate[s] each special condition," defendants lack a "meaningful opportunity to object." *Id.* at 349. In that event, we review unpreserved challenges to those conditions for abuse of discretion, not plain error. *Id.* at 350. As explained below, here the district court mentioned the challenged conditions but did not explain they would apply to supervised release. We thus find that Guerrero lacked meaningful opportunity to challenge those conditions and so review for abuse of discretion. *See id.* at 349 (the "point" of the opportunity-to-object requirement "is to give [the defendant] fair notice").

Advocating plain error review, the government relies on *United States v. Rouland*, 726 F.3d 728 (5th Cir. 2013). But in *Rouland* a memo introduced at the sentencing hearing gave the defendant a "unique chance to object" to special conditions. *See Rivas-Estrada*, 906 F.3d at 350 (distinguishing *Rouland*

on this basis). *Rouland* is inapplicable here. All we have is the district court's non-specific references to the PSR containing the special conditions, but *Rivas-Estrada* tells us that "[m]erely referencing a PSR that lists special conditions . . . isn't enough." *Id.* at 349.

### B.

Applying that standard, we find the district court abused its discretion by imposing the two challenged special conditions. "We have repeatedly held that if a written judgment clashes with the oral pronouncement, the oral pronouncement controls." *Id.* at 350 (citing *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012); *United States v. Mireles*, 471 F.3d 551, 557–58 (5th Cir. 2006); *Torres-Aguilar*, 352 F.3d at 935). That is what we have here: The court's oral pronouncement indicated the educational and vocational requirements would apply *only* during Guerrero's confinement, but the written judgment extended them to supervised release. This was in sharp contrast to substance abuse treatment, which the court specified would apply "while you're in custody *and when you get out*" (emphasis added). The discrepancy created a "conflict" because "the written judgment broaden[ed] the pronounced requirements of supervised release" with respect to the educational and vocational training requirements. *Rivas-Estrada*, 906 F.3d at 350 (citing *Mireles*, 471 F.3d at 558). The remedy is to excise those conditions from the written judgment. *See, e.g., United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006) (explaining "the [written] judgment must be conformed to [the oral] pronouncement by deleting the . . . [challenged] special conditions").

We therefore VACATE IN PART Guerrero's sentence and REMAND to the district court for the limited purpose of excising from the written judgment

## No. 17-41109

the two challenged conditions that Guerrero participate in educational and vocational training during supervised release.[1]

VACATED IN PART and REMANDED

---

[1] The special conditions relating to substance abuse treatment and mental health treatment are not challenged and remain undisturbed. Nor does our opinion disturb any requirement that Guerrero participate in educational and vocational programs during his term of incarceration.