# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2021

Lyle W. Cayce
Clerk

No. 20-10963
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADRIAN TRAYVON SPEARS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-90-6

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Adrian Trayvon Spears pleaded guilty to one count of conspiracy to violate 18 U.S.C. § 924(c) by possessing firearms in furtherance of drug-trafficking, in violation of 18 U.S.C. § 924(o). The district court sentenced him to, *inter alia*, a within-Sentencing Guidelines term of 112-months'

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment. Spears claims the court erred by: improperly applying an enhancement under Guideline § 2K2.1(b)(6)(B) (use or possession of firearm in connection with another felony offense); and failing to adequately explain its application of that Guideline. Both claims fail. (In district court, Spears also challenged the application of that Guideline and Guideline § 2K2.1(b)(5) (engaging in trafficking of firearms) because of "double counting". This claim is abandoned on appeal for failure to brief. *See E. R. by E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763 (5th Cir. 2018).)

Because Spears did not raise either claim in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

As noted, Guideline § 2K2.1(b)(6)(B) applies if defendant, *inter alia*, "used or possessed any firearm or ammunition in connection with another felony offense". In determining whether to apply the enhancement to a drug-trafficking offense, a court should consider whether a firearm "is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia". U.S.S.G. § 2K2.1, cmt. n.14(B). Spears admitted to participating in a conspiracy to possess firearms in furtherance of drug-trafficking crimes, including the facts in the presentence investigation report (PSR). The PSR describes, *inter alia*, his possessing multiple bags of marihuana and a firearm at the same time. (In passing, Spears claims these amounts of marihuana could "arguably" be for personal use; we do not review such issues raised for the first time on appeal. *See Yohey v. Collins*,

985 F.2d 222, 225 (5th Cir. 1993)).    The court's application of the enhancement was not clear or obvious error.

Regarding the court's explanation of Spears' sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' [claims] and has a reasoned basis for exercising his own legal decisionmaking authority". *United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013) (citation omitted).    The court adequately explained its chosen sentence by adopting the PSR's factual findings, considering the Government's claim that the plain language of Guideline § 2K2.1(b)(6)(B) supported its application, overruling Spears' objection, and imposing a sentence within the Guidelines range.    *See United States v. Rhine*, 637 F.3d 525, 529 (5th Cir. 2011) ("[T]he adequacy of a district court's articulation of its reasons for imposing a sentence must be judged in light of the proceeding as a whole, including the facts revealed in the PSR".).

AFFIRMED.