# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2021

Lyle W. Cayce
Clerk

No. 21-10401
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO ARENAS-TELLEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-331

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Roberto Arenas-Tellez appeals the 24-month, within-guidelines range sentenced imposed upon his guilty plea to illegal reentry following deportation. He contends that the district court procedurally erred by failing to adequately explain its sentence in light of his nonfrivolous arguments for a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

below-guidelines range sentence. The Government moves for summary affirmance, asserting that Arenas-Tellez's appeal of the district court's sentence explanation is foreclosed by *United States v. Coto-Mendoza*, 986 F.3d 583 (5th Cir. 2021), *cert. denied*, 2021 WL 4508433 (Oct. 4, 2021) (No. 20-8439). Alternatively, the Government seeks an extension of time to file a merits brief.

Arenas-Tellez's challenge to his sentence is not so clearly foreclosed by circuit precedent as to warrant summary affirmance. We therefore DENY the motion for summary affirmance. Because this case may be resolved without further briefing, we also DENY, as unnecessary, the Government's alternative motion for an extension of time.

The record reflects that the district court listened to Arenas-Tellez's arguments but "simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *Rita v. United States*, 551 U.S. 338, 358 (2007). Despite its terseness, the district court's explanation suffices to show that it considered the parties' arguments and had a reasoned basis for its sentence. *See United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013). Accordingly, Arenas-Tellez fails to show plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

The judgment is AFFIRMED.