# United States Court of Appeals
## for the Fifth Circuit

————————

No. 23-30574
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Demetrius Jerone Davis,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CR-106-1

———————————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Demetrius Jerone Davis appeals the 120-month, within-guidelines range sentence imposed upon his guilty plea to possession of a stolen firearm, contending that the district court committed plain procedural error by failing to adequately explain the sentence. Specifically, Davis asserts that the district court failed to address his nonfrivolous arguments for a below-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

guidelines range sentence, which were based on his intellectual disability, his compliant behavior during arrest and while on pretrial release, his support system, and his age. Because Davis did not object in the district court to the adequacy of the sentence explanation, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Davis must identify a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

"The sentencing court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013) (internal quotation marks and citation omitted). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* (internal quotation marks and citation omitted). "[L]ittle explanation is required" when the judge simply imposes a sentence within the properly calculated guidelines range. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007).

At sentencing, the district court adopted the unobjected-to presentence report recommending a 120-month sentence; noted that it had reviewed Davis's sentencing memorandum, letters from his sister and pastor, and a Bureau of Prisons psychological evaluation report on which Davis's departure argument was largely based; listened to Davis's and his counsel's arguments for mitigation, which mirrored the arguments in the sentencing memorandum; and listened to the Government's counterarguments for a within-guidelines range sentence. The court

explained that Davis's sentence was based on its findings of fact, the nature and circumstances of the offense, Davis's personal characteristics, and the 18 U.S.C. § 3553(a) factors, all of which it found to support a sentence within the guidelines range. Although the court did not expressly address Davis's arguments for a downward departure, its explanation was legally sufficient as it satisfies us that it considered the parties' arguments and had a reasoned basis for imposing the sentence it did. *See United States v. Becerril-Pena*, 714 F.3d 347, 351-52 (5th Cir. 2013). The court's explanation of Davis's sentence was thus not clearly or obviously inadequate. *See Puckett*, 556 U.S. at 135.

Even were the district court's sentence explanation plainly inadequate, Davis would not be entitled to vacatur on plain error review. We have long rejected the argument that a court's failure to explain a *within*-guidelines range sentence affects a defendant's substantial rights. *See Mondragon-Santiago*, 564 F.3d at 365.

For these reasons, the judgment is AFFIRMED.