# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-41179
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO YOVANI LOPEZ-MUXTAY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Laredo Division
USDC No. 5:08-CR-262-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mario Yovani Lopez-Muxtay pleaded guilty, without a plea agreement, to illegal reentry. The district court sentenced Lopez to 41 months of imprisonment and three years of supervised release. The district court also ordered that Lopez undergo mental health counseling while incarcerated and on supervised release. Lopez's appeal concerns this mental health special condition of supervised release.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

At Lopez's sentencing hearing, the district court stated, "While incarcerated, it is recommended to the Bureau of Prison [sic] that the defendant undergo mental health counseling in regard to the matter reported at paragraph 31 of the [PSR], and that should be also mental health programming as a condition of his supervised release as well." This mental health requirement is included in the written judgment, which orders that while on supervised release, Lopez "is required to participate in a mental health program *as deemed necessary and approved by the probation officer*." (emphasis added).

Lopez argues that this italicized language violates Article III of the Constitution because it impermissibly grants Lopez's probation officer the discretion to decide if Lopez should undergo mental health treatment while on supervised release. The Government, however, asserts that the written sentence clarifies the oral sentence and only grants Lopez's probation officer the authority to implement the district court's order of mental health treatment as a special condition of Lopez's supervised release.

The district court's written judgment is unclear regarding whether the district court intended to grant Lopez's probation officer the authority not only to implement the condition but to determine whether Lopez should or should not undergo mental health treatment while on supervised release. Therefore, we conclude that remanding for clarification would serve the interests of judicial economy and fairness to all concerned parties. Accordingly, Lopez's sentence is vacated and the case is remanded for resentencing consistent with this opinion. *See United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006). We express no opinion on the proper resolution of this matter.

SENTENCE VACATED; REMANDED FOR RESENTENCING.