# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2010

No. 09-40690
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDITH LUNA-MUNIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-147-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edith Luna-Muniz appeals from her conviction of transporting an undocumented alien. She challenges the condition of her supervised release requiring her to participate in a mental health program.

At Luna-Muniz's sentencing hearing, the district court stated that she would be subject to the "[s]tandard terms and conditions of supervision, along with drug treatment, mental health counseling, parenting program, nighttime restriction of 10:00 p.m. to 6:00 a.m." The written judgment, however, orders her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to "participate in a mental health program as deemed necessary and approved by the probation officer."

In *United States v. Lopez-Muxtay,* No. 08-41179, 2009 WL 3016263, *1 (5th Cir. Sept. 22, 2009) (unpublished), we vacated and remanded a sentence in which the written judgment contained language identical to the language used in Luna-Muniz's case and in which the district court's oral judgment was similar to Luna-Muniz's. *Id.* We remanded that case for clarification because "[t]he district court's written judgment is unclear regarding whether the district court intended to grant Lopez's probation officer the authority not only to implement the condition but to determine whether Lopez should or should not undergo mental health treatment on supervised release." *Id; see also United States v. Bigelow,* 462 F.3d 378, 381 (5th Cir. 2006) (holding that when the sentence imposed orally by the district court conflicts with the written judgment, the oral pronouncement controls). We now vacate the judgment in Luna-Muniz's case and remand the case for resentencing so that the district court may clarify the condition of supervised release at issue. We express no opinion on the proper resolution of the issue.

VACATED AND REMANDED.