# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2010

No. 08-41081
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-545-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Vasquez appeals the sentence imposed for his conviction on one count of receipt of child pornography. The district court sentenced Vasquez to 97 months in prison, at the bottom of the applicable guidelines range, and a life term of supervised release. After *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first examine whether the district court committed any procedural errors. *Id.* at 51. If the district court's decision is procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sound, we will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 46.

Vasquez argues that the district court erred as a matter of law in sentencing him based on U.S.S.G. § 2G2.2 because this Guideline was formulated on amendments by Congress directly, without empirical study and institutional support by the Sentencing Commission. He contends that the district court was prohibited from considering § 2G2.2 in sentencing him and that this court should not apply a presumption of reasonableness to the guidelines range calculated under § 2G2.2. Vasquez concedes that this argument was rejected in *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). However, he seeks to preserve the argument for further review.

Vasquez has not shown that the district court abused its discretion in considering § 2G2.2 in sentencing him. *See Gall*, 552 U.S. at 46; *see also United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). He also has not established that this court may not apply a presumption of reasonableness to the sentence imposed within the applicable guidelines range. *See Mondragon-Santiago*, 564 F.3d at 367. The imposition of the 97-month sentence is thus affirmed.

Vasquez also challenges the condition of his supervised release requiring him to participate in a sexual offender treatment program. At the sentencing hearing, the district court stated that the probation officer could determine the frequency and duration of such a program but that Vasquez "will be required to participate in such a program unless [his] Probation Officer waives that requirement with the approval of the Court." The written judgment, however, orders him to "participate in a treatment program for sex offenders as deemed necessary and approved by the probation officer."

Vasquez complains that the language used in the written judgment gives the probation officer exclusive authority to determine not only the details of the

treatment program, but whether Vasquez must participate in any such program at all.  Because the disputed language was not used at sentencing and Vasquez thus had no opportunity to object to it prior to the entry of judgment, we review for abuse of discretion.  *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

In *United States v. Lopez-Muxtay*, 344 F. App'x 964, 965 (5th Cir. 2009), we vacated and remanded a sentence in which the written judgment contained language identical to the language used in Vasquez's case and in which the district court's oral judgment was silent about the probation officer's involvement in the required mental health treatment.  We remanded that case for clarification because "[t]he district court's written judgment is unclear regarding whether the district court intended to grant Lopez's probation officer the authority not only to implement the condition but to determine whether Lopez should or should not undergo mental health treatment on supervised release."  *Id.*; *see also Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006) (holding that when the sentence imposed orally by the district court conflicts with the written judgment, the oral pronouncement controls).  We now vacate the judgment in Vasquez's case and remand the case for resentencing so that the district court may clarify the condition of supervised release at issue.  We express no opinion on the proper resolution of the issue.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.