# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

Lyle W. Cayce
Clerk

No. 09-40642
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARUICE TURPIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-59-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Maurice Turpin pleaded guilty to transporting an unlawful alien and was sentenced to 57 months of imprisonment, to be followed by three years of supervised release. As a special condition of supervised release, the district court, in its written judgment, ordered Turpin to participate in mental health and anger management programs "as deemed necessary and approved by the probation officer." When imposing sentence orally, the district court merely stated that Turpin would be subject to conditions of supervision including "anger

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

management" and "mental health," and said nothing about the probation officer's role.

Turpin contends on appeal that the district court impermissibly delegated its judicial authority and committed plain error by requiring participation in the mental health and anger management programs "as deemed necessary and approved by the probation officer." There is currently a circuit split on this issue. The Third, Fourth, and Eleventh Circuits have held that imposing a sentence, including conditions of probation, is a strictly judicial function that may not be delegated. *United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005); *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995) ("[T]he imposition of a sentence, including any terms for probation or supervised release, is a core judicial function"); *United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir. 2005) ("[D]elegating to the probation office the authority to decide whether a defendant will participate in a treatment program is a violation of Article III.").

However, the Eight and Ninth Circuits have held that, as long as a judicial officer retains ultimate authority and responsibility for approving conditions of probation, limited authority regarding the details of supervised release may be delegated to probation officers. *United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006); *United States v. Bowman*, 175 F. App'x. 834, 838 (9th Cir. 2006) (unpublished) (finding that delegating limited authority to probation officer to recommend whether or not defendant should have unsupervised visits was permissible, because "if the probation officer arbitrarily or unfairly denies [defendant] a favorable recommendation, [defendant] is free to seek relief from the district court . . . ."). The Sixth Circuit has held that, although "fixing the terms and conditions of probation is a judicial act which may not be delegated,"delegating such things as the schedule of restitution payments is permissible. *Weinberger v. United States*, 268 F.3d 346, 359-61 (6th Cir. 2001) (quoting *Whitehead v. United States,* 155 F.2d 460, 462 (6th Cir. 1946)). The Fifth Circuit has not yet decided whether it is permissible for a court to delegate

2

to a probation officer the determination of whether mental health treatment will be required as part of supervised release.

However, we need not reach the delegation issue in Turpin's appeal, because Turpin also argues that the case should be remanded for clarification. Turpin contends that the district court's intent as to the probation officer's role is unclear, and we agree. *See, e.g.*, *United States v. Lopez-Muxtay,* 344 F. App'x 964, 965-66 (5th Cir. 2009) (unpublished) (vacating and remanding for resentencing when the written judgment and oral sentencing conflicted). As in *Lopez-Muxtay*, the written judgment is unclear regarding "whether the district court intended to grant [the appellant]'s probation officer the authority not only to implement the condition but to determine whether [the appellant] should or should not undergo mental health treatment while on supervised release." *Id.* at 965. Accordingly, this case is REMANDED for proceedings consistent with this opinion.