**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2011

Lyle W. Cayce
Clerk

No. 10-40381
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELITA FERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-953-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Angelita Fernandez pleaded guilty to one count of conspiracy to transport an undocumented alien in violation of 8 U.S.C § 1324. The district court sentenced her to 26 months in prison, followed by a three-year term of supervised release. In the written judgment setting forth the conditions of supervised release, the court ordered that Fernandez participate in drug or alcohol treatment "as instructed and as deemed necessary by the probation officer and [that she] comply with all rules and regulations of the treatment

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agency until discharged by the Program Director with the approval of the probation officer." The court also ordered that Fernandez "participate in a mental health program as deemed necessary and approved by the probation officer," and that she "participate in a psychiatric treatment program as deemed necessary and approved by the probation officer." Fernandez appeals these conditions, arguing that an Article III judicial officer may not delegate to a non-Article III official determinations regarding whether a defendant must participate in treatment programs.

As Fernandez concedes, the mental health and drug treatment conditions were included in a list provided at rearraignment of certain supervised release conditions that might be imposed. Because she was on notice of these conditions and raised no objection when they were announced at sentencing, our review is for plain error. *See United States v. Bishop*, 603 F.3d 279, 280 (5th Cir.), *cert. denied*, 131 S. Ct. 272 (2010); *United States v. Bleike*, 950 F.2d 214, 220 (5th Cir. 1991). We have consistently held that the same constitutional issue raised here is unsettled in this circuit and, therefore, there can be no clear or obvious error for purposes of plain error review. *See Bishop*, 603 F.3d at 281 & n.8. Accordingly, with respect to the mental health and drug treatment conditions, we affirm the judgment of the district court.

However, the psychiatric treatment condition, including the challenged delegation language, was not included in the list provided at rearraignment, nor did the court recite the delegation language at sentencing. Thus, we review for an abuse of discretion. *See United States v. Torres-Aguilar,* 352 F.3d 934, 935 (5th Cir. 2003). We need not reach whether the court abused its discretion, however. Rather, we agree with Fernandez that a remand for clarification is appropriate, because the written judgment is unclear regarding "whether the district court intended to grant [Fernandez's] probation officer the authority not only to implement the condition but to determine whether [Fernandez] should or should not undergo [psychiatric] treatment while on supervised release."

No. 10-40381

*United States v. Turpin*, 393 F. App'x 172, 174 (5th Cir. 2010); *United States v. Lopez-Muxtay*, 344 F. App'x 964, 965-66 (5th Cir. 2009).

Accordingly, we vacate the judgment with respect to the psychiatric treatment condition, and we remand for further proceedings consistent with this opinion.  We express no opinion regarding the proper resolution of this issue. The judgment of the district court is affirmed in all other respects.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.