**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2012

Lyle W. Cayce
Clerk

No. 11-41018
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA CALHOUN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1159-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joshua Calhoun appeals from his resentencing following his guilty plea conviction of high speed flight from an immigration checkpoint. As a special condition of supervised release, the district court, in its written judgment, ordered Calhoun to participate in "anger management counseling as deemed necessary and approved by the probation officer." When imposing the sentence orally, the district court merely stated that Calhoun would be subject to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions of supervision including "anger management" and said nothing about the probation officer's role.

Calhoun argues that the district court impermissibly delegated to the probation officer its Article III judicial function to determine whether he would have to participate in anger management counseling; alternatively, he argues that the sentence must be vacated and remanded because the district court was unclear whether it intended to delegate to the probation officer the authority to decide whether Calhoun would have to participate in anger management counseling or whether the district court merely intended for the probation officer to implement anger management counseling that it had mandated.

Because the district court did not use the disputed language regarding the probation officer's involvement at sentencing, and therefore gave Calhoun no opportunity to object before the entry of the written judgment, abuse of discretion review applies. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). Without reaching Calhoun's constitutional argument, we conclude, as we have in several similar unpublished cases, that the written judgment creates an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed. *See*, *e.g.*, *United States v. Turpin*, 393 F. App'x 172, 174 (5th Cir. 2010); *United States v. Vasquez*, 371 F. App'x 541, 542-43 (5th Cir. 2010); *United States v. Lopez-Muxtay*, 344 F. App'x 964, 965-66 (5th Cir.2009). Accordingly, we vacate the judgment and remand the case so that the district court may clarify the condition of supervised release at issue.

VACATED AND REMANDED.