**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 15-20236

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GEORGE YARBROUGH,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-00526-1

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

George Yarbrough pleaded guilty without a written plea agreement to mailing threatening communication. He was sentenced to 21 months of imprisonment, consecutive to a state sentence, and three years of supervised release. The written judgment included conditions of supervised release requiring Yarbrough to "participate in a vocational training program as deemed necessary and approved by the probation officer" and "participate in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mental health program as deemed necessary and approved by the probation officer." Yarbrough appeals those conditions, arguing that each is an impermissible delegation of judicial authority to the probation officer.

## DISCUSSION

"[A] defendant has a constitutional right to be present at sentencing." *United States v. Bigelow*, 462 F.3d 378, 380 (5th Cir. 2006) (internal quotation marks and citation omitted; alteration in original); *see also* Fed. R. Crim. P. 43. Where there is a conflict between the written judgment and the oral pronouncement of sentence, the oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003); *see also United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003). We review the imposition of a special condition of supervised release for abuse of discretion. *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). However, if a defendant fails to object to a special condition, we review for plain error. *United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010). But, where a defendant had no opportunity to address the issue, this court reviews the imposition of special conditions of supervised release for an abuse of discretion. *United States v. Fernandez*, 776 F.3d 344, 345 (5th Cir. 2015); *see also Torres-Aguilar*, 352 F.3d at 935.

### I. Vocational Training Program Condition

Yarbrough asserts that the district court reversibly erred in imposing a special condition of supervised release requiring him to "participate in a vocational training program as deemed necessary and approved by the probation officer." Yarbrough acknowledges that he did not object to the impermissible delegation at sentencing, but asserts that he had no opportunity to object because the impermissible delegation was not orally pronounced and, thus, review would be for an abuse of discretion. The Government asserts that, instead, we should review for plain error because Yarbrough failed to object when the condition was included in a later email after sentencing and outside

of Yarbrough's presence. However, there is nothing to indicate counsel could have properly objected to an email after sentencing or that it would have had the same effect as an objection during the oral pronouncement at sentencing.[1]

Here, the district court instructed the email to be sent for the limited purpose of insuring that any requirements imposed were not duplicative of state requirements. Further, the email indicated that it was providing the "proposed wording for the Bureau of Prisons regarding Mr. Yarbrough's mental health treatment" and the "proposed wording for Mr. Yarbrough's mental health condition while on supervised release (last paragraph)." Additionally, Yarbrough's reply did not indicate that he was in agreement with all conditions, but rather addressed the very limited purpose for which the proposed wording was provided and a change made by the court.

Specifically, the court said: "[Probation officer], regarding the last paragraph, I would think that all conditions should be coordinated with requirements imposed by the state's conditions of mandatory supervision or parole." Yarbrough's counsel: "Dear All, I agree with Judge Atlas. Also, despite the Court's use of the word 'serious' during the hearing, I think that may confuse the BOP. I would use the word 'thorough,' if any modifier is necessary." This reference was to language in the recommendations to the Bureau of Prisons regarding mental health treatment.

This court has held that a district court abused its discretion by including an additional restriction in the written judgment that was not part of the oral pronouncement of sentence. *See United States v. Tang*, 718 F.3d 476, 487 (5th Cir.2013).

---

[1] This is unlike *United States v. Rouland*, 726 F.3d 728 (5th Cir. 2013), which is cited by the Government, where *Rouland* failed to object to a document setting out the conditions and introduced as an exhibit during the sentencing hearing.

No. 15-20236

Further, in *United States v. Lomas*, a panel of this court concluded that, where Lomas did not have an adequate opportunity to object, the review is for abuse of discretion and the legal question of whether the condition involved an unconstitutional delegation of authority is reviewed de novo. *United States v. Lomas* (*Lomas II*), 643 F. App'x 319, 324-25 (5th Cir. 2016) (*citing United States v. Perez–Macias*, 335 F.3d 421, 425 (5th Cir.2003)).

Specifically, this court said:

Although probation officers have broad power to supervise probationers and "perform any other duty that the court may designate," 18 U.S.C. § 3603(10), the type of duty that a court may delegate is limited by Article III of the Constitution, *see United States v. Johnson*, 48 F.3d 806, 808–09 (4th Cir.1995). The imposition of a sentence, including the terms and conditions of supervised release, is a "core judicial function" that cannot be delegated. *Id.* at 808 (*citing Ex Parte United States*, 242 U.S. 27, 41, 37 S.Ct. 72, 61 L.Ed. 129 (1916)); *see United States v. Pruden*, 398 F.3d 241, 250 (3d Cir.2005) ("[A] probation officer may not decide the nature or extent of the punishment imposed upon a probationer."). Thus, a district court may properly delegate to a probation officer decisions as to the "details" of a condition of supervised release. *United States v. Nash*, 438 F.3d 1302, 1305 (11th Cir.2006) (citation omitted). But a court impermissibly delegates judicial authority when it gives a probation officer "authority to decide *whether* a defendant will participate in a treatment program." *United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir.2005) (emphasis added); see also *Lomas I*, 304 F. App'x at 300–01 (collecting cases from other circuits).

*Lomas II*, 643 F. App'x at 324. We then vacated the educational and mental health program conditions of Lomas' supervised release and remanded to the district court for resentencing.

Previously on direct appeal, Lomas argued that the district court reversibly erred by delegating to the probation officer the authority to decide whether he should undergo mental health treatment. *United States v. Lomas* (*Lomas I*), 304 F. App'x 300 (5th Cir. 2008). Because Lomas had not objected,

this court reviewed for plain error and found none, noting that "[w]e ordinarily do not find plain error when we 'have not previously addressed' an issue." *Id.* at 301. However, the court acknowledged its concerns and cited precedent from other circuits that "have agreed an improper delegation occurs in similar cases." *Id.* at 300. Specifically, the court said:

> Other circuits have agreed an improper delegation occurs in similar cases. The Eleventh Circuit has found that an impermissible delegation of judicial authority occurs when a court gives "the probation officer the authority to decide whether a defendant will participate in a treatment program," as opposed to authority over the implementation of the treatment. *United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir.2005); *see also United States v. Pruden*, 398 F.3d 241, 250-51 (3d Cir.2005) (mental health treatment); *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir.2001); *United States v. Kent*, 209 F.3d 1073, 1078-79 (8th Cir.2000) (mental health treatment); *United States v. Figuereo*, 404 F.3d 537, 542-43 (1st Cir.2005) (drug testing); *United States v. Stephens*, 424 F.3d 876, 882-84 (9th Cir.2005) (drug testing); *United States v. Sines*, 303 F.3d 793, 799 (7th Cir.2002) (sex-offender treatment). One of our sister circuits concluded that every circuit court to review a sentence that gave to a probation officer the authority to decide whether a defendant will participate in a treatment program found it unconstitutional. *Heath*, 419 F.3d at 1315.

*Id.* at 300.

More recently, in *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016), we stated that "a court impermissibly delegates judicial authority when it gives a probation officer authority to decide *whether* a defendant will participate in a treatment program." (Emphasis original; citations omitted). Additionally, we vacated Franklin's mental health program special condition and remanded to the district court for resentencing with the same clarifying instruction used in *Lomas II*, 643 F. App'x at 325.

For these reasons, we conclude that Yarbrough was not given a meaningful opportunity to object during the sentencing hearing. *See Bigelow*, 462 F.3d at 381; *see also United States v. Hudson*, 625 F. App'x 686, 687-89 (5th Cir. 2015). Further, we conclude that the district court abused its discretion by impermissibly delegating judicial authority to the probation officer as to whether Yarbrough would participate in a vocational training program.

## II. *Mental Health Program Condition*

Yarbrough asserts that the district court's imposition, in the written judgment, of a special condition that he "participate in a mental health program as deemed necessary and approved by the probation officer" also was an impermissible delegation of judicial authority to the probation officer. Yarbrough concedes that the district court orally pronounced this condition at sentencing and, thus, review would be for plain error. The government asserts that review should be for invited error because counsel induced the error by requesting a post-release mental health evaluation, which necessarily implied such a delegation. *United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014). However, there is nothing in the record to indicate that Yarbrough asked the district court to delegate the decision of whether he needed to or would participate in a mental health program to a probation officer. Thus, our review is for plain error. *Bishop*, 603 F.3d at 280.

To establish plain error, a defendant must show an error is clear or obvious and affects his substantial rights. *United States v. Prieto*, 801 F.3d 547, 549-50 (5th Cir. 2015). *See also Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, we have the discretion to correct that error, and, usually will do so if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*

No. 15-20236

In addition to the cases cited above, during the pendency of this appeal and on plain error review, we vacated the mental health program special condition and remanded to the district court for resentencing in the unpublished case of *United States v. Alaniz*, --- F. App'x ----, 2016 WL 7187378 (5th Cir. 2016).  These cases compel the same outcome here.  Thus, we conclude that Yarbrough has shown an error that is clear and obvious and affects his substantial rights.  *See United States v. Gordon*, 838 F.3d 597, 605 (5th Cir. 2016).  Based on the "core judicial functions" affected by this error, we exercise this court's discretion to correct the error.

## CONCLUSION

For the reasons stated herein, we VACATE the vocational training program and mental health program special conditions and REMAND to the district court for resentencing, with the same clarifying instruction offered in *Franklin*:

> If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

*Id*. at 568.

No. 15-20236

LESLIE H. SOUTHWICK, Circuit Judge, concurring.

The majority is certainly correct that it is unconstitutional for a district judge to delegate to a probation office the decision of whether a defendant will participate in a treatment program. That is a sentencing decision. District judges make those.

Once an improper delegation occurs, it is efficient for us in each case to hold that under plain-error review, the delegation must be vacated and the case remanded for the district judge to sentence properly. Such a consistent approach, though, requires that we conclude the delegation by itself affects substantial rights and fundamentally damages the judicial proceeding. I do not believe it does. Instead, we must consider those final two factors on a case-by-case basis. Here, Yarbrough cannot show that his substantial rights were affected by the improper delegation. Thus, I see no reason to vacate and remand for resentencing. Nonetheless, I concur in the result. More, later, about why I concur.

I start with the record. It is clear that Yarbrough cannot show a less onerous condition would have been imposed but for the error. There is no argument that the mental-health condition was not warranted, and the district court clearly indicated its intention to impose the condition. For example, when the district court asked Yarbrough whether he wanted mental-health treatment, he said he did:

> COURT: In the report there is an indication — a strong indication of the need for mental health treatment, and Mr. Yarbrough, I'm wondering if that is something you want?
>
> THE DEFENDANT: Yes, ma'am.

Under our usual substantial-rights analysis, I would conclude Yarbrough's substantial rights have not been affected. We simply cannot say the delegation error "affected the outcome of the district court proceedings."

*See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Indeed, it seems that any error had no effect whatsoever on whether Yarbrough would be required to attend mental-health treatment.

I now turn to the caselaw.  The majority says our precedents compel us to vacate and remand.  Yet the authoritative opinions cited by the majority are materially distinguishable.  The relevant precedents are those in which the delegation question had to be answered under plain-error review and in which there was significant record evidence that the defendant was in need of the treatment that was the subject of the delegation.

The case cited by the majority for the proposition that Yarbrough's substantial rights were affected is *United States v. Gordon*, 838 F.3d 597 (5th Cir. 2016).  Unlike this case, in *Gordon* "the district court's imposition of the mental health condition [was] not reasonably related to any of the Section 3553 factors . . . ."  *Id.* at 605.  On appeal, the government conceded there was no basis in the record for the defendant to be required to participate in a mental-health program.  *Id.* at 604.  For that reason, the condition was not related to any of the Section 3553 factors applicable to sentencing.  *See* 18 U.S.C. § 3553. The effect on Gordon's substantial rights was that the program would impose a "significant financial burden, require him to attend multiple sets of treatment, and as Gordon point[ed] out, result in an unwarranted perception that he requires mental health treatment."  *Gordon*, 838 F.3d at 605.

Also cited, but only in the majority's analysis for the general description of plain-error review, is *United States v. Prieto*, 801 F.3d 547, 549–50 (5th Cir. 2015).  There was no delegation issue in that case, but the court held that one condition of supervised release was not reasonably related to any Section 3553 factor.  *Id.* at 553.  As such, "[w]e easily conclude[d] that the district court's error affected Prieto's substantial rights.  Had the error not occurred, Prieto

would not have been subjected to the unwarranted special condition because no record evidence reveal[ed] any justification for the condition." *Id.*

Neither *Prieto* nor *Gordon* support that allowing the Probation Office to require Yarbrough to participate in a mental-health program affected his substantial rights. That is because the Section 3553 factors fully support the requirement as to Yarbrough.

The majority also cites a non-precedential opinion, *United States v. Alaniz*, ___ F. App'x ____, 2016 WL 7187378 (5th Cir. Dec. 9, 2016). There, we held that obvious error occurred when the district court delegated to the probation officer the decision whether the defendant's participation in a mental-health program was necessary. *Id.* at \*2. We then declared that the delegation affected Alaniz's substantial rights, citing the same case used by the majority here, *Gordon*, to explain why. *Id.* As already noted, though, *Gordon* held that substantial rights were affected only after determining there was no record support for requiring that defendant to participate in a mental-health program at all, regardless of who was imposing the requirement. *Gordon* was not a good fit to explain the harm as to Alaniz, because Alaniz had previously been diagnosed with several mental-health problems. *See Alaniz*, 2016 WL 7187378, at \*1. The Section 3553 factors may well have supported the requirement as to Alaniz. Thus, we went beyond what *Gordon* had held. Whatever we meant in *Alaniz*, that opinion is not precedential.

These decisions from the last year or two are the most recent versions of caselaw that, insofar as the specifics of what the majority orders here, can be traced back at least to *United States v. Lomas*, 304 F. App'x 300 (5th Cir. 2008). There, on plain-error review, we noted that no existing Fifth Circuit or Supreme Court precedent had held whether it was proper to delegate to a probation officer a decision of whether the defendant should undergo mental-health treatment. *Id.* at 300–01. As there was no error that was plain, we

never reached whether such error would have affected the defendant's substantial rights. *Id.* at 301. We left the condition in place. Years later, while Lomas was still on supervised release, the Probation Office petitioned to revoke his release because of various violations. *See United States v. Lomas,* 643 F. App'x 319, 320 (5th Cir. 2016). Revocation occurred, and a new sentence was imposed that again had as a condition of supervised release that Lomas participate in a mental-health program. *Id.* We found ambiguity as to what exactly the district court had ordered at sentencing, so we could not say whether the Probation Office had been improperly delegated the decision of whether Lomas had to participate in the program. *Id.* at 324. Without holding whether plain-error review applied because the ambiguity also meant that Lomas may not have had an opportunity to object, we relied on the ambiguity to vacate and remand for the district court to state the sentence more clearly. *Id.* at 324–25. No analysis of the effect on substantial rights was made, as it was irrelevant to the decision.

Another significant precedent is *United States v. Franklin*, 838 F.3d 564 (5th Cir. 2016). Again we found an orally pronounced sentence ambiguous as to whether it left to the Probation Office the decision on whether the defendant had to participate in a mental-health program. *Id.* at 567. We took a cautious approach of reviewing for an abuse of discretion, as Franklin may not have needed to object to an unclear oral pronouncement by the district judge at sentencing. *Id.* As in the 2016 *Lomas* decision, we vacated and remanded so that the district judge could state unambiguously whether he was ordering participation in the program. *Id.* at 568.

A few other prior opinions from this court on the issue were resolved based on review for an abuse of discretion. In such situations, there is no need to show an effect on substantial rights as that is a factor only for plain-error review. *E.g., United States v. Calhoun,* 471 F. App'x 322, 323 (5th Cir. 2012)

No. 15-20236

(vacating and remanding condition requiring participation in anger-management counseling "as deemed necessary and approved by the probation officer"; defendant had no opportunity to object at sentencing so review was for an abuse of discretion); *United States v. Vasquez*, 371 F. App'x 541, 542–43 (5th Cir. 2010) (same, except condition was to require participation in treatment program for sex offenders).

At least one other case seems similar to *Franklin* and the 2016 *Lomas* decision, and that is *United States v. Lopez-Muxtay*, 344 F. App'x 964 (5th Cir. 2009). There, we vacated and remanded for clarification without ever stating a standard of review or addressing the plain-error factors. *Id.* at 965–66.

There is one case, non-precedential though, that did wrestle just a bit with how the third factor on plain-error review was satisfied. *See United States v. Pitts*, ___ F. App'x ____, 2016 WL 6832953 (5th Cir. Nov. 18, 2016). A condition of supervised release was this: "The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision." *Id.* at *1. Due to Pitts's failure to object to this condition, we applied plain-error review to the argument that the district court improperly delegated authority to the therapist. *Id.* A similar condition had been invalidated in another case, but in that case there had been an objection and thus we reviewed for an abuse of discretion. *See United States v. Morin,* 832 F.3d 513, 515–16 (5th Cir. 2016). *Morin* resolved that the condition was an error that was plain. The *Pitts* court then discussed the third factor of plain error this way: "Pitts's substantial rights were affected by the erroneous delegation 'to a therapist the authority to impose, without court review, independent conditions of supervised release . . . that could serve as the basis for violations of the terms of supervised release separate and apart from non-compliance with the treatment program.'" *Pitts*, 2016 WL 6832953,

No. 15-20236

at *1 (quoting *Morin*, 832 F.3d at 517). That internally quoted language was used in *Morin* simply as an explanation as to why the condition was error, not why it affected a defendant's substantial rights. *Morin*, 832 F.3d at 517. Still, it was fair for *Pitts* to use it for the substantial-rights analysis if it supported the point, but I do not see that it does. To explain why, I will, finally, dig deeper into what is meant by an effect on substantial rights.

The Supreme Court has explained that, to warrant reversal on plain-error review, "the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings.'" *Puckett*, 556 U.S. at 135 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). An elaboration is that a defendant "'must make a specific showing of prejudice' in order to obtain relief[.]" *Id.* at 142 (quoting *Olano,* 507 U.S. at 735). The Supreme Court has also held that when, as here, "the burden of demonstrating prejudice (or materiality) is on the defendant seeking relief," the defendant must show "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *United States v. Dominguez Benitez*, 542 U.S. 74, 81–82 (2004) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985) (Blackmun, J.)) (alteration omitted).

Here, the claimed error is delegation. We need to be clear that the error is limited to *whether* Yarbrough had to participate in a treatment program. *See, e.g., Franklin,* 838 F.3d at 568. That is a "yes" or "no" by the court. The district court does not err, once ordering participation, by giving to the Probation Office the authority to decide the many details of such a program. *Id.* Substantial rights of a defendant are therefore unaffected by a delegation when there has not been shown a reasonable probability that the district court would not also have imposed a treatment program. The already-quoted questioning by the district judge, and Yarbrough's desire for such a treatment

13

program, means to me that on these facts the delegation had no effect on Yarbrough's substantial rights.

What the majority comes close to doing, and what the Supreme Court warns not be done, is to declare that an improper delegation is a structural error in the proceedings. The Court has "noted the possibility that . . . 'structural errors[]' might 'affect substantial rights' regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010). When such errors occur, automatic reversal may be warranted. *See Washington v. Recuenco*, 548 U.S. 212, 218–19 (2006). "But 'structural errors' are 'a very limited class' of errors that affect the 'framework within which the trial proceeds' . . . such that it is often 'difficult' to 'assess the effect of the error[.]'" *Marcus*, 560 U.S. at 263 (citations omitted). They are not commonplace, and they do not include all constitutional errors. *See id.* What occurred here is nowhere near as significant as a total denial of counsel, or a biased trial judge, or violating the right to a public trial. *See id.* The delegation error here is simply not within this "very limited class," which means automatic reversal is not warranted. *See id.*

Because the district court, with Yarbrough's consent, indicated its intention to require Yarbrough to attend a mental-health program, he cannot show that any impermissible-delegation error affected his substantial rights. Reviewing for plain error, I could readily affirm. The foregoing is a bit prolix for my conclusion, though, which is to concur with vacating and remanding for resentencing. I do so because the majority goes only slightly further than I believe the caselaw permits. With respect for the district judge, the requirement of a reformed sentencing order does not appear unduly burdensome. It is an unnecessary remand in my view but not worth the strong label of a dissent. I urge our court, though, to consider closely the third factor of plain-error review in future cases in which improper delegation is the issue.