# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40386

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID TERRELL,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No.  2:15-CR-709-1

Before HIGGINBOTHAM, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant Terrell challenges only the mental health treatment requirement during supervised release after he serves his term for being a felon in possession of a firearm.  He claims no such requirement was warranted.  He also asserts an impermissible conflict between the court's oral pronouncement of the sentence and the written judgment's boilerplate terms concerning this requirement.  For the reasons stated below, we MODIFY the judgment to conform with the oral pronouncement and so modified, AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40386

David Terrell pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The district court sentenced Terrell to 24 months of imprisonment and three years of supervised release. The Presentence Report ("PSR") shows that when Terrell was arrested for driving while intoxicated, he was found in possession of an empty hydrocodone pill bottle, an empty Soma pill bottle, and 32 tablets of Valium. The PSR also provides that "The defendant reported no prior history of mental or emotional health related problems; however, since his arrest for the instant offense, the defendant has experience anxiety related to his present legal problems and is prescribed Xanax to address these symptom."

The district court sentenced Terrell by oral pronouncement and stated that "[b]ased on the information in the presentence report I'm going to impose some special conditions. One is that you participate . . . in a mental health program, as directed by the probation officer." Terrell did not object.

The written judgment included a special condition that he "participate in a mental health program as *deemed necessary* and approved by his probation officer." (emphasis added).

Terrell first argues that the condition requiring him to participate in a mental health program is not reasonably related to any of the statutory factors articulated in 18 U.S.C. § 3583(d)(1) and was not justified by the district court.

This court usually reviews the imposition of a special condition of supervised release for abuse of discretion. *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). Because Terrell failed to object in the district court, plain error review applies. *Id*. Under plain error review, there is "considerable deference" to the district court's imposition of a special condition. *United States v. Winding*, 817 F.3d 910, 915 (5th Cir. 2016) (citation omitted). Plain error occurs when (1) there is an error, (2) the error is plain, (3) the error affects

2

substantial rights and (4) the error seriously affects the fairness, integrity or public reputation of the judicial proceedings. *Gordon*, 838 F.3d at 604.

District courts have broad discretion to impose special conditions of supervised release. *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015). Under 18 U.S.C. § 3583(d), the imposed conditions imposed should reasonably relate to the following statutory factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant,
>
> (2) the need to afford adequate deterrence to criminal conduct,
>
> (3) the need to protect the public from further crimes of the defendant, and
>
> (4) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

*United States v. Paul*, 274 F.3d 155, 164–65 (5th Cir. 2001) (citations omitted). This court may affirm a special condition "where the [district] court's reasoning can be inferred after an examination of the record." *United States v. Caravayo,* 809 F.3d 269, 275 (5th Cir. 2015) (internal quotation marks and citations omitted).

Record evidence shows that Terrell was prescribed Xanax for anxiety and had a prior conviction for making a terroristic threat. He was also arrested while in possession of Valium pills. This court takes judicial notice that Xanax cannot be properly administered without adequate medical or psychiatric supervision; it is far more consequential than over the counter medication. The district court's reasons, based on evidence in the PSR that Terrell did not challenge, are inferable from and sufficient to justify the district court's imposition of the mental health condition. *See, e.g., United States v. Rouland*, 726 F.3d 728, 736 (5th Cir. 2013). The facts distinguish this case from *United*

*States v. Garcia,* 638 F.App'x. 343 (5th Cir. 2016), in which there was no evidence at all suggesting a need for mental health treatment.  There was no plain error.

Terrell's second challenge is to the "impermissible delegation" to the probation office of the need for mental health treatment, which Terrell implies from the terms of the written judgment (but not the court's oral pronouncement).  The oral pronouncement states that Terrell is to participate in treatment "as directed by the probation officer."  Terrell cannot deny that an "as directed" condition, which leaves to the officer the timing and details of such treatment, is not an impermissible delegation of the court's power. *United States v. Talbert*, 501 F.3d 449, 452–53 (5th Cir. 2007).

This court has recently decided that the written boilerplate mental health treatment language used in Terrell's case suffers from ambiguity as to whether it improperly delegated responsibility to the probation officer to determine the need for mental health treatment. *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016).  In the absence of an oral pronouncement by the district court, we would be obliged to vacate and remand for clarification of this provision.   However, it is well settled that where the oral pronouncement and the written judgment conflict, the oral pronouncement controls. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).  We are confident that the district court's oral pronouncement left no discretion with the probation office about the *need* for such treatment, only about its timing and circumstances.

The Southern District of Texas has experienced several instances in which the same language was successfully challenged on appeal. *See, e.g.*, *United States v. Lopez-Muxtay*, 344 F. App'x 964, 966 (5th Cir. 2009); *United States v. Lomas*, 643 F. App'x 319, 325 (5th Cir. 2016).  Some of the courts were adopting outdated language from a 1996 district court order.  General Order No. H-1996-10. ("The defendant is required to participate in a mental health

No. 16-40386

program as deemed necessary and approved by the probation officer."). We applaud that recently implemented procedures, including rewording of the supervised release conditions, should avoid any future uncertainty and conflict. General Order No. 2017-01 (S.D. Tex. Jan. 6, 2017).

We remand with instructions that the district court conform the written judgement to the oral pronouncement. The Sentence, as so MODIFIED, is **AFFIRMED.**