# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2022

Lyle W. Cayce
Clerk

No. 19-11371
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Hammond,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-117-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Mark Hammond pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). He contends that the district court erred by describing the mental health treatment condition of his supervised

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11371

release differently in the oral pronouncement of his sentence than in the written judgment. As this court explained in *United States v. Diggles*: "The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing. If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." 957 F.3d 551, 556-57 (5th Cir. 2020) (en banc; citations omitted), *cert. denied*, 141 S. Ct. 825 (2020).

The pronouncement of the mental health condition at Hammond's sentencing hearing nearly identically matches the condition set forth in the written judgment.[1] There is no conflict, so the district court did not run afoul of *Diggles*.

Hammond also contends that the district court erred by imposing the mental health condition because the court did not mention his mental health at sentencing, and the presentence report did not recommend this condition. Our review is for plain error because Hammond did not object to the condition in the district court. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *Diggles*, 957 F.3d at 559-60.

"[C]ourts of appeals have consistently required district courts to set forth factual findings to justify special [supervised release] conditions." *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (internal quotation

---

[1] *Compare* the oral pronouncement: "You shall participate in mental health treatment services as directed by the probation officer until successfully discharged, and those services may include prescribed medications by a licensed physician, and you'll contribute to the cost of those services at the rate of at least $25 a month." *with* the written judgment: "The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered at a rate of at least $25 per month."

marks omitted).  However, we may "affirm a special condition where the district court's reasoning can be inferred after an examination of the record." *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (internal quotation marks and alterations omitted).  The district court did not plainly err by imposing the treatment condition because the presentence report discussed Hammond's mental health history sufficiently to justify the imposition of the condition.  *See United States v. Howell*, 857 F. App'x 200, 200-01 (5th Cir. 2021); *United States v. Terrell*, 677 F. App'x 938, 940 (5th Cir. 2017).

The district court's judgment is AFFIRMED.